1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2
3  HALLIE HOFFMAN (CABN 210020)
   Chief, Criminal Division
4  AJAY KRISHNAMURTHY (CABN 305533)
   Assistant United States Attorney
5
6      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
7      Telephone: (415) 436-7050
       FAX: (415) 436-7234
8      Ajay.krishnamurthy@usdoj.gov

9  Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 21-CR-355-SI |
| Plaintiff, | DETENTION ORDER |
| v. | |
| MARVIN CHAVELLE EPPS, | |
| Defendant. | |

On September 22, 2021, supervised releasee Marvin Chavelle Epps made an initial appearance following his arrest pursuant to Probation's Petition for a Warrant For a Person Under Supervision. The petition alleges seven different violations: Epps committed the state crime of pandering, in violation of California Penal Code § 266(i); Epps failed to notify Probation of changes to employment; Epps used controlled substances in June 2021; Epps used controlled substances in June, July, and August 2021; Epps failed to report for drug testing; Epps possessed, owned, used, viewed, or read material depicting and/or describing sexually explicit conduct, as defined in 18 U.S.C. § 2256(2); and Epps possessed unauthorized computers with access to "online computer service[s]."

This matter came before the Court on September 29, 2021, for a detention hearing. The defendant appeared by Zoom videoconference and was represented by Candis Mitchell. Assistant

1  United States Attorney Ajay Krishnamurthy appeared for the government.  The government and
2  Probation moved for detention, and the defendant opposed.  At the hearing, counsel submitted proffers
3  and arguments regarding detention.
4  Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on
5  the record, the Court finds Epps has not established by clear and convincing evidence that he will not
6  pose a danger to any other person or the community. Fed. R. Crim. P. 32.1(6) ("The burden of
7  establishing by clear and convincing evidence that the person will not flee or pose a danger to any other
8  person or to the community rests with the person."). Accordingly, the defendant must be detained
9  pending resolution of the allegations in Probation's petition.
10  The present order supplements the Court's findings and order at the detention hearing and serves
11  as written findings of fact and a statement of reasons as required by Title 18, United States Code,
12  Section 3142(i)(1).  The Court makes the following findings as the basis for its conclusion: as proffered
13  by Probation, Epps possessed a number of unauthorized electronic devices and appeared to be soliciting
14  individuals to engage in prostitution and/or pornography.  This finding is made without prejudice to the
15  defendant's right to seek review of defendant's detention, or file a motion for reconsideration if
16  circumstances warrant it.
17  Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:
18  1.  The defendant be, and hereby is, committed to the custody of the Attorney General for
19  confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving
20  sentences or being held in custody pending appeal;
21  2.  The defendant be afforded reasonable opportunity for private consultation with counsel;
22  and
23  //
24  //
25  //
26  //
27  //
28  //

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: September 30, 2021

_____
HONORABLE SALLIE KIM
United States Magistrate Judge